```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```
LORENZO CAPPUCCILLI,

                            *Plaintiff*,

    -against-

CHRISTOPHER COKINOS and PETER COKINOS,

                            *Defendants*.

**MEMORANDUM AND ORDER**
24-cv-3045 (JMW)

```
----------------------------------------X
```

**A P P E A R A N C E S:**

    Allen Jay Rosner, Esq.
    Joshua Phillip Quinonez, Esq.
    **Rosner Russo Shahabian PLLC**
    398 Conklin Street
    Farmingdale, NY 11735
    *Attorneys for Plaintiff*

    Amanda Maria Zefi, Esq.
    **Morris Duffy Alonso and Faley**
    2 Rector Street, 22nd Floor
    New York, NY 10006
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

    In this auto collision personal injury case removed from state court, Plaintiff seeks remand and concomitantly, a stay of discovery pending the motion. For the reasons that follow, the stay is denied.

    Plaintiff Lorenzo Cappuccilli ("Plaintiff") originally commenced this negligence action in the Supreme Court of the State of New York, County of Nassau, entitled *Lorenzo Cappuccilli v. Christopher Cokinos and Peter Cokinos*, Index No.: 601727/2024, on or about January 30, 2024.

1

(ECF No. 1.) Specifically, Plaintiff alleges he was injured[1] in a car collision with Defendants Christopher and Peter Cokinos ("Defendants") resulting from Defendant's negligence. *See generally*, ECF No. 1-2. On April 24, 2024, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b), alleging this Court has "original diversity jurisdiction over this action under 28 U.S.C. § 1332(a)" because "there is complete diversity between [the parties]" and "the amount in controversy exceeds the jurisdictional minimum." (ECF No. 1 at 1-2.) Plaintiff subsequently moved to remand this case to state court, arguing this Court lacks subject matter jurisdiction under 28 U.S.C. §1332 (ECF No. 5), which Defendants opposed. (ECF No. 7.) On May 22, 2024, Plaintiff additionally moved to stay discovery in this matter pending the Court's ruling on his Motion to Remand. (ECF No. 8.) Accordingly, now before the Court is Plaintiff's Motion to Stay Discovery (ECF No. 8), which is *unopposed* by Defendants.[2] For the foregoing reasons, Plaintiff's Motion to Stay Discovery is **DENIED**.

## DISCUSSION

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The mere filing of a dispositive motion in and of itself does not halt discovery obligations in federal court.[3] That is, a stay of discovery is not warranted, without more, by

---

[1] Plaintiff is alleging to have sustained a "serious injury" as defined by Section 5102 of the Insurance Law of the State of New York. *See* ECF No. 1-2 at ¶¶ 44-46.

[2] Defendants have consented to a stay of discovery (s*ee* EF No. 8 at 2), however, the Court still must determine whether there is "good cause" for the stay pursuant to the Federal Rules of Civil Procedure. *See e.g.*, *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).

[3] Contrast this with New York state court practice which expressly provides for a stay of discovery pending the filing of a dispositive motion. *See* N.Y. CPLR 3214(b) (automatic stay of "disclosure" upon

the mere pendency of a dispositive motion.[4] *Weitzner v. Sciton, Inc.*, No.CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney*, 236 F.R.D. 113 at 115; Fed. R. Civ. P. 16(b)(4) (discovery schedule "may be modified only for good cause and with the judge's consent"); *Ass'n Fe y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) ("Together, these provisions enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action."). In evaluating whether a stay of discovery pending resolution of a dispositive motion, courts typically consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Robbins v. Candy Digital Inc.*, No. 23-CV-10619 (LJL), 2024 WL 2221362, at *1 (S.D.N.Y. May 15, 2024) (internal citations omitted).

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Al Thani v. Hanke,* 20-CV-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (alteration in original) (quoting *Republic of Turkey v. Christies, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)). In assessing good cause, Courts look to "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12,

---

service of dispositive motion).

[4] A motion to remand based on a lack of subject matter jurisdiction is considered "dispositive." *See Williams v. Beemiller*, *Inc.*, 527 F.3d 259, 266 (2d Cir. 2008) (internal citations omitted) (emphasis added) ("Because a § 1447(c) remand order determines the fundamental question of whether a case could proceed in a federal court, *it is indistinguishable from a motion to dismiss the action* from federal court based on a lack of subject matter jurisdiction for the purpose of § 636(b)(1)(A). A motion to remand is not a 'pretrial matter' under § 636(b)(1)(A), and a magistrate judge presented with such a motion should provide a report and recommendation to the district court that is subject to *de novo* review under Rule 72.").

2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)). *Au fond,* the specific facts, circumstances and context of the case guide the Court.

Here, the Court finds Plaintiff has failed to show "good cause" warranting a stay of discovery in this case pending the outcome of his Motion to Remand for the reasons set forth below. *First*, the "strength of [Plaintiff's] motion does not justify a stay of discovery."[5] *Robbins*, No. 23-CV-10619 (LJL), 2024 WL 2221362, at *1. Plaintiff contends this case should be remanded to state court because the Court lacks federal subject matter jurisdiction. (ECF No. 5 at 1.) Specifically, Plaintiff argues that Defendants' Notice and Petition of Removal was deficient in that it failed to allege the amount in controversy exceeds $75,000 as required by 28 U.S.C. §1332. (*Id.*) With respect to the jurisdictional amount, Defendants' Notice and Petition of Removal states as follows:

> Plaintiff is alleging to have sustained a serious injury as defined by Section 5102 of the Insurance Law of the State of New York. As such, upon information and belief, the amount in controversy exceeds the jurisdictional minimum.

(hereafter, the "Jurisdictional Statement") (ECF No. 1 at ¶ 8.) Plaintiff maintains that while he "does not concede that the amount in controversy is under $75,000," Defendants nevertheless "failed to meet [their] burden to show that the amount in controversy has been satisfied, as both the [C]omplaint and [N]otice and [P]etition of [R]emoval lack any factual allegation indicating the value of the underlying claim, or any allegation from which one could infer the value of the underlying claim." (*Id*. at 3.)

---

[5] The Court's consideration and analysis of the arguments set forth in Plaintiff's Motion to Remand is purely for purposes of weighing whether a stay should be granted.  This analysis should not in any way be construed as the Court prejudging the merits or predicting the outcome of the Motion to Remand.

In response, Defendants argue the Jurisdictional Statement is sufficient to satisfy the amount in controversy requirement, and that Plaintiff's pleadings are not otherwise "silent on damages." (*Id*. at 2.) Defendants rely on the following provision in Plaintiff's Summons in support:

> NOTICE: The nature of his action is NEGLIGENCE. The relief sought is damages. Upon your failure to appear, judgment will be taken against you by default for the sum of $5,000,000.00 with interest from 01/14/2024 and the costs of this action.

(ECF No. 1-2 at 2.) Defendants further maintain that the Court "need not confine its inquiry to the content of the pleadings and the Petition for Removal." (ECF No. 7 at 2.) Specifically, Defendants argue that the Court can and should consider Plaintiff's Bill of Particulars in determining the amount in controversy, which contains allegations sufficient to establish that the amount exceeds $75,000:

> [In the Bill of Particulars,] it is alleged that the [P]laintiff sustained the following personal injuries as a result of the subject accident: a grade 1 partial thickness bursal surface tear of the supraspinatus tendon, subacromial subdeltoid bursitis; two rounds of cervical trigger point injections under ultrasound guidance; a partial tear of the supraspinatus ligament adjacent to the C6 posterior spinous process with soft tissue edema; straightening of the usual cervical lordosis; and lumbar bulges at the L4-5 and L5-S1 levels with bilateral foraminal narrowing. It is further alleged that [P]laintiff's injuries will be permanent in nature, that [he] will require an extensive regimen of orthopedic, chiropractic, neurological and/or physiotherapeutic care, pain management, myofascial release, electric stimulation, massage, manual traction, joint mobilization, range of motion exercise, therapy, cold packs, heat therapy, strengthening and/or home exercises, and [has] and/or will sustain osteoarthritic changes in the affected areas. It is further alleged that [P]laintiff has sustained a serious injury as defined by Section 5102 of the Insurance Law of the State of New York and suffered economic loss in excess of the basic economic loss as defined by Section 5102 of the Insurance Law of the State of New York. Specifically, it is alleged that [P]laintiff has or will incur medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug, prosthetic services, therapy and rehabilitation which has/will exceed $50,000. Finally, it is alleged that [P]laintiff has been confined to his home and bed intermittently from the date of the accident to the present.

(*Id*.; *see generally* ECF No. 7-1.)

"When a motion to remand is presented to the federal district court, '[i]t is the party seeking to sustain the removal and not the party seeking remand that bears the burden of demonstrating that removal was proper.'" *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 458 (S.D.N.Y. 2008) (quoting *People of New York ex rel. Cuomo v. First American Corp.,* 07 Civ. 10397, 2008 WL 2676618, at *1 (S.D.N.Y. Jul.8, 2008))."[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994). Where, as here, "there is no dollar amount alleged in the complaint and the action is in federal court by a notice of removal, a reasonable probability that the jurisdictional amount is met can be established by competent evidence from other sources." *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 297 (E.D.N.Y. 2005).  The Court "looks first to the complaint, and then to moving papers, and then to anything else." *Id.; Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co.*, No. 19-CV-7294 (RA), 2019 WL 6498316, at *3 (S.D.N.Y. Dec. 3, 2019) ("Where a complaint is inconclusive as to the amount in controversy, courts typically look next to the Defendant's notice of removal."); *see also United Food & Comm. Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 305 (2d Cir. 1994) ("Where the pleadings themselves are inconclusive as to the amount in controversy, however, federal courts may look outside those pleadings to other evidence in the record").

Following review of Plaintiff's Summons, Defendants' Notice and Petition of Removal, and Plaintiff's Bill of Particulars,[6] the Court finds that Defendants "[have] demonstrated a

---

[6] A "Bill of Particulars" is a creature of New York state law (*see* N.Y. CPLR 3041-3044), and such a device does not exist in the Federal Rules of Civil Procedure.  This device is considered a "pleading" and

6

reasonable probability that the amount in controversy requirement is met here." *Scottsdale Ins. Co.*, No. 19-CV-7294 (RA), 2019 WL 6498316, at *4; *Rhythm of Life Corp. v. Hartford Fin. Servs. Grp. Inc.*, 522 F. Supp. 3d 4, 7–8 (S.D.N.Y. 2021) (holding Defendants' Notice of Removal "plausibly allege[d] the amount in controversy [was] more than $75,000" where it asserted that "Plaintiffs claim to have 'sustained significant business losses,' starting on March 7, 2020, and worsening after March 20, 2021," and "[g]iven that two dance studios located in New York City are seeking many months' worth of lost business income and increased operating costs, the amount is controversy is more than $75,000."); *Torres v. State Farm Fire & Cas. Co.*, No. 21 CV 1934 (RPK)(LB), 2021 WL 7908046, at *3 (E.D.N.Y. Sept. 27, 2021) (internal citations omitted) ("A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds $75,000."); *Scottsdale Ins. Co.*, No. 19-CV-7294 (RA), 2019 WL 6498316, at *4 ("Based on extrinsic evidence submitted by Defendant—namely two Bills of Particulars from the Underlying Action—the Court is satisfied that "it appears to 'a reasonable probability' that [Plaintiff] is claiming liability in excess of $75,000, and thus, that the value of the object of the instant litigation exceeds $75,000."); *Quinones v. Nat'l Amusements, Inc.*, No. 07-CV-0663 (MHD), 2007 WL 1522621, at *2 (S.D.N.Y. May 21, 2007) (declining to remand where "the facts alleged in the bill of particulars—which include spine injuries, serious leg injuries and resultant surgery, and extended loss of mobility—make plain that a finder of fact could easily find general damages that exceed $75,000.00").

Indeed, "courts have retained jurisdiction after removal when a plaintiff seeking remand refused to stipulate that damages were $75,000 or less," in cases where, as here, the Court has

---

not "discovery," as it appears in Article 30, rather than 31 of the CPLR.  It serves as an amplification of the pleadings.  *See Weinstein, Korn & Miller, New York Civil Practice: CPLR Ch. 3041.*

7

"detailed information about permanent severe injuries and/or medical bills." *Ma v. United Rentals (N. Am.), Inc.*, 678 F. Supp. 3d 412, 416 (S.D.N.Y. 2023) (collecting cases); *Nickel v. Nike, Inc.*, No. 11 CIV. 4495 PKC, 2011 WL 4343852, at *3 (S.D.N.Y. Aug. 18, 2011) ("The nature and extent of plaintiff's injuries together with his failure to respond to defendants' request for a statement of damages and his failure to agree to execute defendants' stipulation demonstrate a reasonable probability that the jurisdictional threshold will be satisfied."); *Juarbe v. Kmart Corp.*, No. 05CIV1138TPGTS, 2005 WL 1994010, at *2 (S.D.N.Y. Aug. 17, 2005) (holding plaintiff's allegations of "severe and serious personal injuries to mind and body, great physical pain and mental anguish, and severe nervous shock" that were "believed to be permanent in nature and duration," and "that her ability to earn her living will be impaired[,]" together with her refusal to agree to limit her total recovery to $75,000 "indicated a likelihood that the $75,000 threshold will be met").

*Second*, Plaintiff has failed to show "that the breadth of discovery sought justifies a stay of discovery." *Robbins*, No. 23-CV-10619 (LJL), 2024 WL 2221362, at *2. Plaintiff merely contends that "time and costs that will be expended by the parties if discovery is commenced before the Court [r]ules on Plaintiff's Motion to Remand" and "[i]n the event of a remand, the need for a discovery plan in conformity with the Federal Rules and Local Rules of this Court is obviated." (ECF No. 8 at 1-2.). However, these conclusory assertions are "not revealing of the extent of discovery that will be necessary in this case." *Robbins*, No. 23-CV-10619 (LJL), 2024 WL 2221362, at *2. The nature of the case and the facts alleged do not otherwise indicate the discovery sought would be "exceptional." *Id.*; *Cf. O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709 (LTS) (GWG), 2018 U.S. Dist. LEXIS 70418, at *26-27 (S.D.N.Y. Apr. 26, 2018).

8

*Third*, neither party "articulate[s] any specific prejudice [they] would suffer from a stay in this case." *Robbins*, No. 23-CV-10619 (LJL), 2024 WL 2221362, at *2. "However, lack of prejudice alone does not merit a stay." *Bennett v. Cuomo*, 2023 WL 2021560, at *5 (S.D.N.Y. Feb. 15, 2023). "To hold otherwise would be contrary to the general presumption that a motion to dismiss does not stay discovery save in a case under the Private Securities Litigation Reform Act." *Bertrand v. Dep't of Educ., Archdiocese of N.Y.*, 2023 WL 2776015, at *3 (S.D.N.Y. Apr. 4, 2023). Accordingly, weighing all the relevant factors, the Court finds that a stay of discovery pending the outcome of Plaintiff's Motion to Remand is unwarranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Stay (ECF No. 8) is **DENIED**. In light of the pending Motion to Remand (ECF No. 5), and the Clerk of the Court is directed to assign a District Judge to this case to decide the motion to remand.[7]

Dated: Central Islip, New York
June 12, 2024

S O  O R D E R E D:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

---

[7] *See Williams*, 527 F.3d at 266 (internal citations omitted) ("A motion to remand is not a 'pretrial matter' under § 636(b)(1)(A), and a magistrate judge presented with such a motion should provide a report and recommendation to the district court that is subject to *de novo* review under Rule 72.").