UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

LORENZO CAPPUCCILLI,

                *Plaintiff,*

  -against-

CHRISTOPHER COKINOS and PETER COKINOS,

                *Defendants.*

----------------------------------------X

**MEMORANDUM AND ORDER**

24-CV-3045(KAM)(JMW)

**KIYO A. MATSUMOTO, United States District Judge:**

    On January 30, 2024, Plaintiff Lorenzo Cappuccilli ("Cappuccilli" or the "Plaintiff") brought this action in New York state court asserting negligence against Defendants Peter Cokinos and Christopher Cokinos (together, the "Defendants").  (ECF No. 1-2, State Court Complaint ("Compl.").)  The instant action, which was originally filed in Nassau County Supreme Court, arises out of a car accident involving Plaintiff and Defendants which occurred on January 14, 2024, in the Town of Oyster Bay, New York.  (*Id.* at ¶ 20.)  The Complaint does not specify a damages amount, but rather states that "plaintiff(s) has sustained serious injury and economic loss greater than basic economic loss[1] as to satisfy the

---

[1] Under Article 51 of the New York Insurance Law, "'Basic economic loss' means, up to fifty thousand dollars per person."  N.Y. Ins. Law § 5102(d).

exceptions of §5104 of the Insurance Law of the State of New York." (*Id.* at ¶ 46.)

While the action was being litigated in Nassau County Supreme Court, Plaintiff served a Bill of Particulars on the Defendants on April 17, 2024, that provided, *inter alia*, damages information. (ECF No. 7-1.)  One week thereafter, on April 24, 2024, Defendants removed the action on the grounds that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1446.  (ECF No. 1, Petition for Removal; ECF No. 6, Notice of Removal.)  There is no dispute that all of the parties are citizens of different states. Plaintiff Cappuccilli is a citizen of New York.  (Compl. at ¶ 1.)  Defendants Christopher Cokinos and Peter Cokinos are citizens of Wisconsin and Illinois, respectively.  (*Id.* at ¶¶ 2-3.)  Defendants contend that the amount in controversy is likely to exceed $75,000.  (ECF No. 1, Petition for Removal ("Pet."), at ¶ 8.)  Plaintiff has moved to remand, however, on the ground that Defendant has failed to demonstrate the amount in controversy is more than $75,000.  (ECF No. 5, Plaintiff's Motion to Remand ("Mot.").)  Defendants oppose Plaintiff's motion, arguing that the Court should consider the Plaintiff's Bill of Particulars in determining the amount in controversy, among other things.  (ECF No. 7, Defendants' Opposition ("Def't Opp.").)  For the reasons set forth below, Plaintiff's motion to remand is respectfully **DENIED**.

## LEGAL STANDARD

2

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The Defendants have the burden of demonstrating that removal of a case to federal court is proper. *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). "This burden has been stated as showing a 'reasonable probability that the jurisdictional amount has been reached.'" *Ma v. United Rentals (N. Am.), Inc.*, 678 F. Supp. 3d 412, 414 (S.D.N.Y. 2023) (citation omitted). The Court must "resolve any doubts against removability," out of "respect for the limited jurisdiction of the federal courts and the rights of states." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks and citation omitted).

"[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails

to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

Where, as here, "the pleadings are inconclusive, . . . the courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010). "[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement," so long as the stipulation is "legally binding on all plaintiffs." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595-96 (2013). The Second Circuit, however, has also made "clear that a plaintiff cannot seek to deprive a federal court of jurisdiction by reducing her demand to $75,000.00 or less once the jurisdictional threshold has been satisfied." *Luo*, 625 F.3d at 776.

## DISCUSSION

As discussed *supra*, the Complaint in the instant action does not specify the value of the claims related to Plaintiff's alleged injuries. Indeed, pursuant to New York state law, a plaintiff is prohibited from including an *ad damnum* clause or pleading a specific monetary demand in a personal injury action. See N.Y. C.P.L.R. § 3017(c); *Luo*, 625 F.3d at 775. Plaintiff thus did not specify an amount of damages related to his personal injuries in his Complaint.

Where a complaint is inconclusive as to the amount in controversy, courts typically look next to the Defendants' notice of removal. *See Mehlenbacher*, 216 F.3d 291, 296 (2d Cir. 2000). Here, in the Petition for Removal[2], Defendants state that this Court has jurisdiction under 28 U.S.C. § 1332 because "Plaintiff is alleging to have sustained a serious injury as defined by Section 5102 of the Insurance Law of the State of New York." (Pet. at ¶ 8.) Contrary to Defendants' assertion, however, "[a]llegations of injury themselves, without any statement of damages, [do] not give rise to a finding that the amount in controversy exceeds $75,000." *Ma*, 678 F. Supp. 3d at 416 (S.D.N.Y. 2023). The Court notes that even if the allegations of serious injury included in the Complaint were to serve as a basis for removal, it is not clear that removal would have been timely, given

---

[2] Defendants' Notice of Removal simply attaches a copy of the Petition for Removal, and includes no factual assertions. (ECF No. 6, Notice of Removal.)

Defendants do not specify when the Complaint was served upon them, and 28 U.S.C. § 1446 requires removal within 30 days of service[3]. 28 U.S.C. § 1446(b)(1).

Nonetheless, Defendants have demonstrated a reasonable probability that the amount in controversy requirement is met here, and that removal was timely. Based on extrinsic evidence submitted by Defendants—namely a Bill of Particulars filed on April 17, 2024, in Nassau County Supreme Court—the Court is satisfied that there appears to be "a reasonable probability" that Plaintiff is claiming liability in excess of $75,000.

In connection with their opposition to the motion to remand, Defendants filed the aforementioned Bill of Particulars. (ECF No. 7-1, Bill of Particulars.) In the Bill of Particulars, Plaintiff provides further details as to the "serious and permanent injuries" he sustained as a result of the car accident, including injuries to his right shoulder, cervical spine and lumbar spine. (*Id.* at ¶ 4.) These injuries include multiple tears of ligaments in the shoulder and cervical spine, along with bulged discs in the lumbar spine and "foraminal narrowing[4]," which is a type of spinal

---

[3] Removal on the basis of the Bill of Particulars, served on Defendants on April 17, 2024, however, would be timely. (ECF No. 7-1, Bill of Particulars.)
[4] Cleveland Clinic defines foraminal stenosis as "narrowing that happens in certain places around the nerves that come out of your spinal cord. It's a type of spinal stenosis that affects the neural foramen, a series of openings on both sides of your spine." *Foraminal Stenosis*, https://my.clevelandclinic.org/health/diseases/24856-foraminal-stenosis (last visited June 13, 2024).

stenosis. (*Id.*) Plaintiff further expands on the statement in his Complaint regarding his economic loss by stating that he has or will in the future have incurred "medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services; psychiatric, physical and occupational therapy and rehabilitation; any other professional health services and all other reasonable and necessary expenses that have or will exceed FIFTY THOUSAND ($50,000.00) DOLLARS." (*Id.* at ¶ 5.) Plaintiff does not claim any lost time from work in his Bill of Particulars, but does allege that he has been confined to home or his bed "intermittently from the date of accident to present." (*Id.* at ¶ 6.)

Based on the allegations in the Bill of Particulars, the Court finds[5] that Defendants have demonstrated to a "'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" for removal purposes. *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal quotation marks and citation omitted). Courts have previously found injuries of the type alleged by Plaintiff in his Bill of Particulars to support such a finding justifying removal. *See Scottsdale Ins.*

---

[5] The Court notes that Magistrate Judge Wicks came to the same conclusion in his Memorandum and Order denying Plaintiff's Motion to Stay Discovery. (ECF No. 9, at 6-8.)

*Co. v. Acceptance Indem. Ins. Co.*, No. 19-CV-7294 (RA), 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019) (finding that defendant demonstrated a reasonable probability that the amount in controversy requirement was met based on bills of particulars that alleged "injuries to [the underlying plaintiff's] cervical spine, lumbar spine, left ankle, and left shoulder"); *see also Nickel v. Nike, Inc.*, No. 11-CV-4495 (PKC), 2011 WL 4343852, at *2 (S.D.N.Y. Aug. 18, 2011) (finding a reasonable probability that the amount in controversy was satisfied when plaintiff's injuries "include, but are not limited to, bulging disks and internal derangement of the left knee").

Furthermore, the Court notes that Plaintiff, in his motion to remand, explicitly states that he "does not concede that the amount in controversy is under $75,000." (Mot. at 3.) Although the Court will not infer from a refusal to stipulate to damages "that Plaintiffs' claims necessarily exceed the $75,000 amount in controversy threshold," *CG by Georges v. Target Corp.*, No. 22-CV-6247 (PKC)(JRC), 2022 WL 15497124, at *2 (E.D.N.Y. Oct. 27, 2022), such a "refusal to stipulate adds further support to the conclusion that there is a reasonable probability that the amount in controversy is satisfied," *Nickel*, 2011 WL 4343852, at *3. *See also Juarbe v. Kmart Corp.*, No. 05-CV-1138 (TPG)(TS), 2005 WL 1994010, at *2 (S.D.N.Y. Aug. 17, 2005) (finding plaintiff's allegations of "severe and serious personal injuries to mind and

8

body, great physical pain and mental anguish, and severe nervous shock" that were "believed to be permanent in nature and duration," and "that her ability to earn her living will be impaired[,]" together with her refusal to agree to limit her total recovery to $75,000 "indicated a likelihood that the $75,000 threshold will be met").

Finally, the Court may quickly dispense with Plaintiff's remaining argument that Defendants violated 28 U.S.C. § 1446 by failing "to file a copy of their actual Notice of Removal" in this Court. (Pl. Mem. at 3.) Defendants subsequently filed the Notice of Removal in this Court on May 1, 2024. (ECF No. 6, Notice of Removal.) Accordingly, the Court finds any such failure to be "one of form" and agrees with then-District Judge Sotomayor that "*pro forma* defects cannot suffice to deprive a party of a plain entitlement to a federal forum." *Cassara v. Ralston*, 832 F. Supp. 752, 754 (S.D.N.Y. 1993).

9

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**. The parties are referred to Magistrate Judge Wicks for discovery and may consider consenting to Magistrate Judge jurisdiction for all proceedings in this action, as set forth in the Docket Entry dated April 25, 2024.

**SO ORDERED**

Dated:   June 14, 2024
         Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York